# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

PETER M. BERNEGGER,

        Plaintiff,

v.                                                Case No. 10-CV-1158
                                                                       10-CV-1159

THOMAS J. KING,

        Defendant.

_____

# ORDER

On December 23, 2010, *pro se* appellant Peter M. Bernegger ("Bernegger") filed two notices of appeal from two separate orders of the United States Bankruptcy Court for the Eastern District of Wisconsin in bankruptcy case number 07-24994-MDM. (Docket #1). Both of these notices of appeal were filed without the required filing fees. The first bankruptcy court order appealed from, which is the subject of case number 10-CV-1158, denied Bernegger's second request to reopen his Chapter 13 bankruptcy case. The second bankruptcy court order appealed from, which is the subject of case number 10-CV-1159, denied Bernegger's application for a waiver of the filing fee for an appeal of the bankruptcy court's order regarding appellant's motion to reopen his Chapter 13 bankruptcy.

# BACKGROUND

Debtor filed his first voluntary bankruptcy petition on December 11, 2006, case number 06-27055-MDM-13. (Case No. 06-27055-MDM-13, Docket #1). On March 30, 2007, a motion to dismiss was filed for material delay for failing to file a feasible

confirmable plan. The Trustee's office received a phone call on May 15, 2007, from the debtor's attorney stating that the debtor would not oppose the motion to dismiss. On May 30, 2007, the Order was signed granting the motion to dismiss the case effective May 16, 2007. (Docket #49). On September 18, 2007, the Order approving trustee's final account, discharging trustee, releasing bond of trustee and disposing of Chapter 13 case was signed. (Docket #55). The bankruptcy case was terminated on September 25, 2007.

Debtor filed the second case, at issue here, on June 28, 2007, case number 07-24994-MDM-13. (07-24994-MDM-13, Docket #1). The Order confirming the modified plan was signed on December 4, 2007. (Docket #76). A renewed motion to dismiss for failing to make plan payments was filed on April 24, 2008. (Docket #130). On June 9, 2008, the Order granting the renewed motion to dismiss was entered. (Docket #140). Then, on December 22, 2008, the Order approving trustee's final account, discharging trustee, releasing bond of trustee, and disposing of Chapter 13 case was entered. (Docket #147). The debtor's second bankruptcy case was terminated on January 7, 2009. On June 30, 2010, the debtor filed a motion to reinstate case. (Docket #149). The bankruptcy court denied this motion. (*See* Order Denying Motion to Reopen Chapter 13 Case, Docket #150). Debtor again attempted to reopen his case. (Docket #152). Once again, the bankruptcy court denied debtor's second motion to reopen based upon similar grounds as the

first denial. (Docket #153). Debtor appealed this denial as well as the bankruptcy court's denial of a fee waiver on appeal.

## DISCUSSION

### I. Motion to Consolidate

As an initial matter, the court considers Bernegger's motion to consolidate cases 10-CV-1158 and 10-CV-1159 pursuant to Fed. R. Civ. P. 42(a) on the basis that each case involves the same questions of fact. (Docket #5). The motion to consolidate was filed in both cases and both motions are unopposed. The court will grant Bernegger's motion to consolidate as the appeal in case number 10-CV-1159 is merely a challenge to the bankruptcy court's denial of a fee waiver or, alternatively, a motion to appeal *in forma pauperis*, a matter that does not, to this court's knowledge, warrant the opening of a separate appeal.

### II. Fee Waiver

First, the court will consider Bernegger's challenge to the bankruptcy court's order denying his fee waiver request. Title 28 U.S.C. § 1930 specifies various bankruptcy fees. Fees involving appeals from bankruptcy courts are prescribed by the Judicial Conference pursuant to 28 U.S.C. § 1930(b). The Judicial Conference Schedule of Fees, Bankruptcy Court Miscellaneous Fee Schedule, reprinted in 28 U.S.C. § 1930 (the "Fee Schedule"), is issued in accordance with § 1930(b). That schedule, with an effective date of January 1, 2010, provides only limited authority for waiver of fees. The $250.00 fee established in the Fee Schedule for the filing of

an appeal – the fee Bernegger wishes to have waived – is found under paragraph (14) of the Fee Schedule. That paragraph contains no fee-waiver authority or provision. In a September 27, 2010 order, the bankruptcy court similarly found that "28 U.S.C. § 1930 Appendix (14) does not provide for a waiver or deferral of the filing fee." (Order, Case No. 07-24994-mdm) (Docket #163). As such, the bankruptcy court did not err in denying Bernegger's fee waiver request.

### III. Motion for Leave to Appeal *In Forma Pauperis*

To the extent Bernegger's motion in the bankruptcy court and his appeal in this court are construed as a request for leave to appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court finds that Bernegger is not entitled to proceed on appeal *in forma pauperis*. First, the court notes that under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), an amendment was made to 28 U.S.C. § 1930, adding § 1930(f), a subsection devoted to fee waivers. Much of § 1930(f) focuses on fee waivers for Chapter 7 debtors and, therefore, is inapplicable to Bernegger's case. However, § 1930(f)(3) applies to "other debtors and creditors," not just Chapter 7 debtors. Section 1930(f)(3) specifically provides "[t]his subsection does not restrict the district court or the bankruptcy court from waiving, in accordance with Judicial Conference policy, fees prescribed under this section for other debtors and creditors." 28 U.S.C. § 1930(f)(3). This provision appears to indicate that the inclusion of authority in § 1930(f) (i.e., "this subsection") for waiver of fees for certain Chapter 7 debtors in limited circumstances, does not

negate other abilities of the district court or the bankruptcy court to waive fees for "other debtors or creditors." That said, § 1930(f)(3) does not provide the authority to waive fees nor does it reference where such authority exists. All § 1930(f)(3) provides is that any such waiver would have to be "in accordance with Judicial Conference policy." In an unpublished decision, the Seventh Circuit has stated that § 1930(f) provides both the bankruptcy courts and the district courts with the authority to allow *creditors* to proceed *in forma pauperis* in adversary proceedings. *In re Richmond*, 247 Fed.Appx. 831, 832 (7th Cir. 2007).[1] The Seventh Circuit did not extend that ruling to a debtor's application to proceed *in forma pauperis* on appeal. However, the court will proceed as if such an extension is proper and under the assumption that § 1930(f)(3) authorizes this court and the bankruptcy court to consider motions to appeal *in forma pauperis*.

Bernegger is currently incarcerated and, therefore, he is required to pay the statutory filing fee of $250.00 for this appeal. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, as here, he can request to proceed *in forma pauperis*. There are three grounds for denying *in forma pauperis* status to a prisoner appellant: the prisoner has not established indigence; the appeal is in bad faith; or the prisoner has three strikes. *See* 28 U.S.C.

---

[1] The *In re Richmond* opinion actually held that, under a previous version of the Bankruptcy Code, a bankruptcy court had authority to consider a creditor's application to bring an adversary proceeding *in forma pauperis* in a pending Chapter 7 bankruptcy proceeding. 247 Fed.Appx. at 832. However, the opinion also noted that under current law – after the addition of §1930(f) – the bankruptcy and district courts "clearly have the authority to allow creditors to proceed *in forma pauperis.*" *Id.*

§§ 1915(a)(2)-(3), (g). The appellant has filed the institutional equivalent of his prison trust account statement for the six-month period immediately preceding the filing of his appeal, as required under 28 U.S.C. § 1915(a)(2). Under the Federal Rules of Appellate Procedure, applicable here pursuant to 28 U.S.C. § 158(c)(2), a party who has been granted leave to proceed *in forma pauperis* in the district court (or bankruptcy court) may proceed *in forma pauperis* on appeal without further authorization unless the district court certifies that the appeal is not taken in good faith or determines that the party is not otherwise entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a);
*see also* 28 U.S.C. § 1915(a)(3).

"Good faith" is an objective standard. *Coppedge v. United States*, 369 U.S. 438, 446 (1962); *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000). An appeal is taken in "good faith" if it seeks review of any issue that is not clearly frivolous, *Coppedge*, 369 U.S. at 446; *Lee*, 209 F.3d at 1026, meaning that a reasonable person could suppose it to have at least some legal merit. *Lee*, 209 F.3d at 1026; *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). The existence of any nonfrivolous issue on appeal is sufficient to require the court to grant the petition for leave to proceed *in forma pauperis*. *Dixon v. Pitchford,* 843 F.2d 268, 270 (7th Cir. 1988).

First, the court notes that, on appeal, Bernegger devotes most of his argument to the purported merits of his claims set forth in his motion to reopen and fails to

present arguments demonstrating that the bankruptcy court's reasoning for denying debtor's motion to reopen was an abuse of discretion. Bernegger's only discernible reason for appealing appears to be that the bankruptcy court had jurisdiction over his claims – most notably his claims of fraud – and, therefore, the bankruptcy court was required to reopen his case. What Bernegger fails to account for are the bankruptcy court's specific findings with regard to his motion to reopen. The bankruptcy court found that Bernegger failed to assert new matters not already considered in the closed bankruptcy case as well as failed to assert claims over which the court had jurisdiction. (Order Denying Mot. to Reinstate at 1) (Case No. 10-CV-1158, Docket #1-3).[2] Furthermore, as to those matters over which the court might have jurisdiction, the bankruptcy court chose to abstain. (*Id.*).

Therefore, assuming the bankruptcy court had jurisdiction over Bernegger's claims – as he argues it did – then the central question is whether the bankruptcy court's decision to abstain from hearing those claims was appropriate, and, in turn, whether Bernegger's appeal of that decision presents any non-frivolous issue that would require this court to grant his petition for leave to appeal *in forma pauperis*.

Federal Statute 28 U.S.C. § 1334(c)(1) provides that "[n]othing in this section [granting original and exclusive jurisdiction in bankruptcy cases to federal courts]

---

[2]The numerous claims presented in Bernegger's motion to reopen include: fraud, abuse of process, tortious interference with a contract, violation of the fair credit reporting act, transfer of real property by false pretenses, invasion of privacy, defamation, libel, negligence, violation of consumer protection laws, and violation of civil rights. (Mot. to Reopen Case) (Docket 1-2, Case No. 10-CV-1158).

prevents a [bankruptcy court] in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." *Id.* Here, the bankruptcy court was well within its discretion to abstain from hearing Bernegger's state law claims over which it had jurisdiction, including specifically his allegations of fraud against Attorney Jay Pitner ("Pitner") of Gray & Associates L.L.P. ("Gray & Associates") and Washington Mutual Bank f/k/a Washington Mutual Bank, FA ("Washington Mutual").[3] Indeed, the bankruptcy court's decision to abstain was even more prescient in that Bernegger currently has pending a state court case against Washington Mutual in Waupaca County, Wisconsin, in case number 2009CV312.[4] Accordingly, it was appropriate for the bankruptcy court to abstain from hearing Bernegger's claims against Washington Mutual in the interest of comity with the Wisconsin state courts. Because the appellant has not offered any bona fide arguments supporting his appeal in any of his submissions to the court, his petition to proceed *in forma pauperis* on appeal will be denied.

---

[3]According to the debtor, Pitner, on behalf of creditor Washington Mutual, made fraudulent creditor claims in Bernegger's 2008 (and 2006) bankruptcy case. Bernegger seems to argue that the proof of claim filed by Pitner on behalf of Washington Mutual misrepresented the value of his property. Furthermore, Bernegger argues that Washington Mutual lacked standing to proceed with debt collection against him as it allegedly did not own the financial instrument at issue. In addition, Bernegger sets forth his claims against Thomas J. King, who was the standing Chapter 13 Trustee of Bernegger's bankruptcy cases, alleging that King had an obligation to bring to the bankruptcy court's attention the fraud alleged by debtor

[4]The court may take judicial notice of documents and reports contained in the public record. *See, e.g., Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir. 2004) (taking judicial notice of administrative findings); *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir.1998) ("Judicial notice of historical documents, documents contained in the public record, and reports of administrative bodies is proper.").

Furthermore, the record of the bankruptcy court in this case and the court's review of the records of other cases in this district demonstrate that appellant is a "frequent filer" whose primary purpose is to assert dubious claims, raise meritless legal points, or take other action to delay or undo resolutions in his civil cases. For instance, in case number 07-CV-1028, United States District Judge William C. Griesbach dismissed Bernegger's claims against several financial institutions and their attorneys, including Gray & Associates and Washington Mutual, finding not only that all of Bernegger's claims failed on the merits, but also that Bernegger brought his lawsuit in bad faith and with the primary purpose of harassing the defendants. (Case No. 07-CV-1028, Docket #187). In fact, the records from case number 07-CV-1028 demonstrate that Bernegger's claims in his motion to reopen to the bankruptcy court and his claims on appeal are likely barred by the doctrine of issue preclusion. The doctrine of issue preclusion limits the litigation of issues that have been decided in a previous action, provided the party against whom the prior decision was asserted had a full and fair opportunity to litigate that issue in the earlier proceeding. *See Allen v. McCurry*, 449 U.S. 90, 96, 101 S.Ct. 411 (1980); *see also Stephan v. Rocky Mountain Chocolate Factory, Inc.*, 136 F.3d 1134, 1136 (7th Cir. 1998). Based on these records, Bernegger clearly asserted the same causes of action in case number 07-CV-1028 as he attempted to assert in his motion to

reopen, and now as well on appeal.[5] All of these claims were disposed of against Bernegger, after he was given a full and fair opportunity to litigate the issues.[6]

In addition to the lawsuit brought by Bernegger in case number 07-CV-1028, he also pursued an action in this district against his former business partner for damages and injunctive relief, which was finally dismissed because Bernegger failed to comply with a court order to show cause. (*See* Case No. 08-CV-156). The court in that case similarly denied one of Bernegger's motions to appeal *in forma pauperis* because it found the appeal was taken in bad faith. (Case No. 08-CV-157, Docket #70).

Lastly, the court is aware of another case, case number 08-CV-977, filed by Bernegger in this district against two United States Probation Officers and four unnamed Waupaca County officials asserting various federal statutory and state

---

[5] Admittedly, Bernegger argues Thomas King, the standing Chapter 13 trustee during his bankruptcy case, erred by failing to alert the bankruptcy court to the alleged fraud of Pitner and Washington Mutual. However, in case number 07-CV-1028, a branch of this court has already determined that Bernegger's underlying claims of fraud fail on the merits. Bernegger's inclusion of King as an appellee appears to be an unsuccessful attempt to get a second bite at the apple.

[6] Bernegger even filed a motion under Fed. R. Civ. P. 60 in case number 07-CV-1028 seeking relief from the court's final order and judgment dismissing his claims. In the Rule 60 motion, Bernegger argued precisely what he now argues before this court (and before the bankruptcy court), namely that new state and federal investigations of the mortgage industry call into question the validity of the foreclosure of Bernegger's mortgage. With the Rule 60 motion, Bernegger attached several exhibits in an attempt to support his claims, including newspaper articles, affidavits of former and current mortgage brokers, a partial credit report, a Wells Fargo mortgage document related to an unnamed borrower, and a list of representative clients of Gray & Associates. (Case No. 07-CV-1028, Docket #211). The court found that none of the materials he submitted in support of his allegations of fraud and misconduct directly addressed the specific facts of his case. All of the documents Bernegger submitted to the bankruptcy court in his motion to reopen, as well as to this court in his notice of appeal, are contained in the exhibits he filed with the court in case number 07-CV-1028, further proof that Bernegger's assertions regarding the new, highly relevant information relating to his claims are without merit.

common law claims. Though the case was dismissed on qualified immunity grounds, the court warned Bernegger that his vexatious litigation tactics, which apparently included attacks on the character of counsel for the defendants, would result in not only dismissal, but also sanctions. (Case No. 08-CV-977, Docket #27 at 17).

In light of his frequent filer status, the dubious nature of his lawsuits, and the fact that all of the claims raised in Bernegger's motion to reopen his Chapter 13 bankruptcy case and his appeal to this court appear to have been fully and fairly litigated and disposed of in case number 07-CV-1028, this court further concludes that Bernegger's appeal should be certified as not having been taken in good faith.[7] Thus, the appellant's request to proceed *in forma pauperis* on appeal is denied.

However, the appellant incurred the filing fee by filing the notice of appeal. *Newlin v. Helman*, 123 F.3d 429, 433-34 (7th Cir. 1997), *rev'd on other grounds by*, *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000); *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000). Dismissal of the appeal does not relieve him from the obligation to pay the full filing fee of $250.00. *See Newlin*, 123 F.3d at 434. The fee may be collected from the prisoner's trust account using the mechanism of § 1915(b). *Id.* However, this payment is owed to the bankruptcy court, not the district court.

Accordingly,

---

[7]The court warns Bernegger that as a prisoner, he has come perilously close to his three strikes. *See* 28 U.S.C. § 1915(g).

**IT IS ORDERED** that appellant's motion to consolidate (Docket #5, Case No. 10-CV-1158; Docket #5, Case No. 10-CV-1159) cases 10-CV-1158 and 10-CV-1159 be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the bankruptcy court's order denying appellant's Motion to Vacate Order Denying Motion for Waiver of the Filing Fee for an Appeal is **AFFIRMED**;

**IT IS FURTHER ORDERED** that appellant's motion to proceed *in forma pauperis* on appeal is hereby **DENIED** because this court certifies that it has been taken in **BAD FAITH**;

**IT IS FURTHER ORDERED** that within 14 days from the date of this order the appellant shall forward to the Clerk of the Bankruptcy Court the sum of $250.00 as the full filing fee in this appeal. The appellant must also notify the district court when payment is made. The appellant's failure to comply with this order will result in dismissal of this appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the plaintiff is confined.

Dated at Milwaukee, Wisconsin, this 6th day of May, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge